## Karpecik v. Houck

*Jerome B. Nulty*, of *Clemens & Nulty*, for plaintiff.

*John J. Hart*, of *Power, Bowen & Valimont*, for defendant.

WALSH, *J.*, February 15, 1979—This matter has been submitted pursuant to local Rule *266 on the preliminary objections of defendant to the plaintiff's amended complaint. The preliminary objections should be overruled.

The complaint avers that on April 10, 1978, plaintiff was manning a picket line at her employer's entrance driveway when defendant drove her automobile from the employer's lot, out of the driveway, through the picket line and into plaintiff's back. Defendant's preliminary objections aver that the plaintiff's amended complaint fails to allege any injuries which would permit recovery under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] We disagree. The complaint complies with three of the four exceptions stated in section 301, namely, (A) serious and permanent injury, (B) $750 threshold, (C) physical impairment for more than 60 consecutive days. Defendant complains that plaintiff has failed to allege which injuries are serious and permanent. It is true that we required such specificity in Bromiley v. Collins, 29 Bucks Co. L. Rep. 365 (1977), but in that case injuries to numerous parts of the body were alleged, whereas here the complaint is confined to the back.

---

1. Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

Defendant contends also that plaintiff's claim for punitive damages must be stricken because such damages are not permitted under the no-fault act. We agree with plaintiff that punitive damages may be recovered if plaintiff proves that defendant intentionally injured her. Defendant relies on a decision in the Philadelphia Court of Common Pleas,[2] which held that a claim for punitive damages cannot be bottomed on an averment of wanton and reckless conduct. That decision has no applicability here because plaintiff's complaint includes an averment of intentional injury. At paragraph 10(i), the complaint states: "The defendant operated the vehicle with knowledge that such injuries were substantially certain to follow." These words were lifted directly from the statutory definition of intentional injury: §1009.208(b).

Defendant says in her brief that plaintiff can now sue for punitive damages only if the act does not apply. Again we disagree. It is stated under section 301(a)(3) that an individual remains liable for intentionally injuring another individual. We believe that plaintiff can accept no-fault benefits and proceed against defendant. For example, section 111(c) provides that an obligor (insurer) has a right of indemnity against one who has intentionally injured another when the obligor has paid no-fault benefits.

## ORDER

And now, February 15, 1979, for reasons expressed in the foregoing opinion, defendant's preliminary objections are overruled.

---

2. Teagle v. Hart, 1 P.C.R. 310 (1978).